IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JACOBS CHUCK MANUFACTURING CO. | § | |
| Vs. | § | CIVIL ACTION NO. 2:05-CV-185 |
| SHANDONG WEIDA MACHINERY CO., LTD., & ONE WORLD TECHNOLOGIES, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Plaintiff Jacobs Chuck Manufacturing Company (hereinafter "Jacobs") sued Defendants Shandong Weida Machinery Co., Ltd., (hereinafter "Weida") and One World Technologies, Inc., (hereinafter "One World") for allegedly infringing United States Patents Nos. 5,573,254 (hereinafter "the '254 patent") and 5,358,345 (hereinafter "the '345 patent").  The patents-in-suit involve drill chucks and Jacobs alleges Weida manufactures and places infringing drill chucks into the stream of commerce with the "reasonable expectation and/or knowledge that the actual or potential ultimate purchasers and users of such chucks are located in Texas, as well as elsewhere in the United States."  Plaintiff's Original Complaint at 2.  Jacobs alleges that as part of the stream of commerce, One World distributes drills that contain the alleged infringing chucks to The Home Depot, Inc.  One World moves this Court to transfer venue to the District of South Carolina.  After reviewing the parties' briefs and applicable case law, this Court DENIES

One World's motion.

## II.     Facts

Jacobs is a Delaware corporation with its principal place of business in Clemson, South Carolina. Jacobs is in the business of designing, developing, and marketing drill chucks, other precision tools, work holding devices for stationary equipment, and portable power tools. In addition, Jacobs is the assignee of the '254 patent and licensee of the '345 patent.

Weida is a Chinese corporation with its principal place of business in Manshan Town, Wendeng, Shandong, China. Weida is in the business of designing and manufacturing drill chucks for use in power tools. Weida is the largest manufacturer of drill chucks in the world and it asserts its products are known for their "quality and reliability all over the world with customers spreading over 80 different countries and areas overseas." Shandong Weida Machinery Co., Ltd., http://www.weidapeacock.com/english/about.htm (last visited Nov. 29, 2005).

Weida manufactures the allegedly infringing drill chucks at its facilities in China and sells them to Techtronic Industries Co., Ltd. (hereinafter "Techtronic"), a Hong Kong corporation whose principal place of business is in Hong Kong. Techtronic, along with its wholly owned subsidiary One World, designs and manufacturers the RIDGID brand power tools sold exclusively at The Home Depot stores.[1]  One World is a Delaware corporation with its principal place of business in Anderson, South Carolina. Jacobs claims the RIDGID Model No. R7000

---

[1] As part of Weida's commercial contract with Techtronic, Weida agreed not to sell the alleged infringing chuck in the United States, thus granting Techtronic an exclusive right to sell the chuck in the United States.

drill contains an infringing chuck manufactured by Weida.[2]

## II.     Applicable Law and Discussion

Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is within the sound discretion of the Court to decide to transfer venue. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In considering a motion to transfer, courts employ a two-prong test. First, a court must determine whether the claim could have been filed in the district to which the movant seeks a transfer. *Id.* Second, a court must examine "factors which fall into two groups: (1) those relating to the convenience of the litigants, and (2) those relating to the public interest in the fair and efficient administration of justice." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000) (quoting *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex.1999). However, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987); *see also HolyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999) ("A transfer of venue for the convenience of the parties normally requires that the court give great weight to the plaintiff's choice of forum and then weigh the convenience of both parties.").

The factors relating to the convenience of the litigants include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of

---

[2]Jacobs alleges its agent purchased a RIDGID R7000 drill at The Home Depot Store # 6514 in Tyler, Texas, on May 12, 2005.

witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203. The factors relating to the public interest in the fair and efficient administration of justice include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* No one factor is given dispositive weight, including the plaintiff's choice of forum. *Id.*; *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

### A. Venue in South Carolina

A patent infringement action may be brought in any judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). One World is subject to personal jurisdiction in South Carolina because its principal place of business is located in Anderson, South Carolina. Therefore, One World resides in South Carolina. In regards to Weida, "[w]hen an alien and a non-alien are joined as defendants, 'venue for the entire action is proper in any district where it is correct as to the non-alien defendant.'" *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d at 683 (quoting *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 225 (D.N.J. 1966)). Since One World resides in South Carolina and Weida is an alien corporation, venue would be proper in South Carolina.

### B. Access to Sources of Proof

One World argues the burden associated with producing documentary evidence in

South Carolina is easier relative to transporting and producing the evidence in the Eastern District of Texas because both One World and Jacobs maintain their principal places of business in South Carolina. Jacobs asserts One World's argument is not compelling because the parties likely will use documents in electronic or digital format, thus making transport of the documents almost instantaneous. This Court has previously stated that accessibility and location of sources of proof "are of only slight significance due to the increasing ease of storage, communication, copying, and transportation of documents and information and this Court's mandatory disclosure obligations under Local Rule CV-26 and the additional requirements in the case's Discovery Order." *Cummins-Allison Corp. v. Glory Ltd.*, No. 2:03-CV-358TJW, 2004 WL 1635534, at *6 (E.D. Tex. May 26, 2004). In regards to sources of proof related to or pertaining to Weida, these sources are based in China and would have to be produced in the United States regardless of whether venue was in Marshall or South Carolina. Therefore, this factor only slightly favors One World.

      C.    **Compulsory Process to Secure the Attendance of Witnesses**

One World argues that three of the four named inventors listed on the patents-in-suit reside in the District of South Carolina and therefore are outside the subpoena power of the Eastern District of Texas, Marshall Division. One World characterizes these individuals as "important witnesses" who would be within the subpoena power of the District of South Carolina. However, Jacobs submits evidence that demonstrates one of the inventors, William F. Forquer, is deceased and another inventor, Paul T. Jordan, is now a resident of Murrysville, Pennsylvania. *See* Plaintiff's Opposition to Defendant's Motion to Transfer, Exhibits J and K. A fourth inventor, Claude V. L. Amyot, is a resident of France. Consequently, only one of the

four inventors is within the range of the subpoena power of the District of South Carolina. Therefore, this factor favors One World only slightly because three of the four inventors are not within the range of subpoena power of either district.

### D.    Cost of Attendance

Other courts have held "the convenience of witnesses may be considered 'the most powerful factor governing the decision to transfer a case.'" *Barton v. Young*, 144 F. Supp. 2d 685, 688 (E.D. Tex. 2001)(quoting *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex.1994)). However, "it is the convenience of the non-party witnesses rather than employee witnesses that is the more important factor and is accorded greater weight." *Cummins-Allison Corp.*, 2004 WL 1635534, at *6. As previously stated, only one of the inventors and potential non-party witnesses, Robert O. Huff, lives in South Carolina. Venue in the District of South Carolina would be as equally inconvenient as the Eastern District of Texas for the other living inventors, who are the only identified potential non-party witnesses. "As the party seeking transfer, [the] Defendant must clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 574 (E.D. Tex. 2004). One World has only identified one potential non-party and no party witnesses that would be inconvenienced with venue in the Eastern District of Texas as compared to the District of South Carolina. Most of the primary witnesses will be experts whose convenience is entitled to minimal weight. *See Promuto v. Waste Mgmt., Inc.*, 44 F. Supp. 2d 628, 639-40 (S.D.N.Y. 1999). Therefore, this factor does not

weigh in favor of a transfer.[3]

### E. Other Practical Problems

In identifying other practical problems that make trial of this case easy, expeditious and inexpensive, One World only repeats arguments used for other private interest factors. Therefore, this factor will not be considered.

### F. Administrative Difficulties

Both One World and Jacobs agree that the median time between filing and disposition of civil cases in the District of South Carolina during 2004 was 9.4 months, whereas the median time in the Easter District of Texas was 6.5 months. Therefore, this factor does not weigh in favor of a transfer.

### G. Local Interest

One World argues the citizens of South Carolina have a greater interest than those of the Eastern District of Texas in the resolution of the present case because both Jacobs and One World employ South Carolinians and thus have a great impact on the South Carolina economy. However, "the admitted sale of . . . allegedly infringing products in the Eastern District of Texas, Marshall Division, is an event that is significant and relevant to this action." *Cummins-Allison Corp.*, 2004 WL 1635534, at *5. This District has an interest in enforcing United States patent laws in its jurisdiction, and potential acts of infringement also have an effect on the economy of the Eastern District of Texas. Due to the strong interests of both Districts, this factor is neutral.

---

[3] For Weida, there would only be negligible differences between the District of South Carolina and the Eastern District of Texas regarding the issues of cost and convenience of witnesses.

### H. Familiarity of the Forum With Governing Law

One World argues this factor is neutral because the case will be determined according to United States patent laws and both Districts are experienced with such laws. According to published statistics, parties have filed over 300 patent cases in the Eastern District of Texas between the years 2000 through 2005. This Court is very familiar with the patent laws. Accordingly, this factor does not support a transfer.

### I. Unnecessary Problems of Conflict of Laws

Neither One World nor Jacobs assert there will be any unnecessary problems involving conflict of laws. Therefore, this factor will not be considered.

### III. Conclusion

Although some of the factors weigh slightly favor a transfer, the other factors either weigh against transfer or are neutral. After considering all the listed factors, this Court DENIES Defendant One World Technologies, Inc.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). One World has not been able to rebut the strong presumption in favor of Jacobs' choice of forum.

SIGNED this 22nd day of December, 2005.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE