IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JACOBS CHUCK MANUFACTURING CO. § | | |
| Vs. § | | CIVIL ACTION NO. 2:05-CV-185 |
| SHANDONG WEIDA MACHINERY, ET AL. § | | |

### **ORDER**

One World moves to compel the plaintiffs to respond to Interrogatory No. 13. Interrogatory 13 asks the plaintiffs to:

> [i]dentify each element of the asserted claims of the '254 and '345 patents that Plaintiffs contend is not disclosed in each of the prior art references cited in Defendants' Disclosure of Preliminary Invalidity Contentions and Attachment A thereof, and include the basis and all reasons why Plaintiffs contend such element(s) are not present.

One World contends that this interrogatory is permissible and serves to narrow the claim construction process. Plaintiffs contend that the interrogatory requires the disclosure of attorney client and work product protected information and, in any event, is premature under the docket control order.

The court agrees with the plaintiffs that the interrogatory is premature and, for that reason, will deny the motion to compel. A requirement that a party provide contentions of this sort early in the litigation is in tension with the established time frames for declaring claim construction positions provided by the Patent Rules. Moreover, if the court required the plaintiffs to answer such an interrogatory at this stage of the case, the court would run the risk of requiring the disclosure of

information protected by the attorney client privilege and the work product doctrine. A complete answer to this interrogatory would require the disclosure of the attorney's evaluation of the cited prior art, in light of several possible claim constructions. For these reasons, the court will deny the motion to compel at this time.

This order is without prejudice to One World's right to renew its motion after the court issues the claim construction opinion. As the parties acknowledge, the docket control order provides a deadline for the plaintiffs to serve expert reports in opposition to the invalidity opinions advanced by the defendants' experts. Thus, the plaintiffs eventually will have to declare their positions on invalidity–at least if they hope to offer expert testimony at trial. Presumably included among these positions will be a discussion of various limitations contended to be novel over the asserted art. The court defers expert reports until after the issuance of the claim construction opinion in part because the court believes that it benefits the experts to know the scope of the claims before they render their opinions. Deferral of the obligation to answer this type of contention interrogatory is also appropriate. As such, One World is not precluded from moving to compel a further answer to this interrogatory after the court issues its claim construction ruling.[1] The court expresses no opinion on the level of detail required to respond properly to that portion of the interrogatory asking the plaintiffs to "include the basis and all reasons" why they contend certain limitations are not found in the prior art.

---

[1] The court sees no reason why this holding would not apply equally to the reverse situation–an interrogatory served by a plaintiff early on in the case asking a defendant to identify all of the limitations of an asserted claim that the defendant contends are not found in an accused product.

SIGNED this 18th day of August, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE